**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**SCOTT PHILLIP LEWIS,**

                                    **Plaintiff,**

        vs.                                                    **8:24-CV-100**
                                                                **(MAD/CFH)**

**ESSEX COUNTY, NEW YORK, et al.,**

                                    **Defendants.**
_____

**APPEARANCES:**                           **OF COUNSEL:**

**SCOTT PHILLIP LEWIS**
1936 Saranac Avenue
#3, PMB 411
Lake Placid, New York 12946
Plaintiff, *Pro se*

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

**I. INTRODUCTION**

        On January 19, 2024, *pro se* Plaintiff Scott Lewis commenced this action, pursuant to 42

U.S.C. § 1983, claiming Sixth and Fourteenth Amendment violations.  *See* Dkt. No. 1.  On

January 23, 2024, Plaintiff filed an amended complaint asserting nearly identical allegations

against Defendants Essex County; Town of North Elba; Village of Lake Placid; Essex County

Public Defender's Office; Essex County Conflict Defender's Office; Essex County Clerk Chelsea

Merrihew; Town of North Elba Court Clerk Jennifer Hayes; Village of Lake Placid Court Clerk

Victoria Duffy; Essex County District Attorney Kristy Sprague; Essex County Assistant District

Attorney Kenneth Borden, Jr.; Essex County Public Defender James Hyde, IV; Essex County

Conflict Defender Mirriam Hadden; Essex County Commissioner of Jurors Andrew Quinn; and

Town of North Elba Justice and Village of Lake Placid Alternative Justice Dean Dietrich in their individual capacities. *See* Dkt. No. 4 at 1-3. Plaintiff also alleges state law tort claims for negligent infliction of emotional distress against Defendants Dietrich, Hayes, Merrihew, Town of North Elba, and Essex County. *See id.* at 17-19. Plaintiff moved to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2.

On June 18, 2024, Magistrate Judge Christian F. Hummel issued a Report-Recommendation and Order (1) ordering that Plaintiff's IFP motion is granted; (2) recommending that Plaintiff's amended complaint be dismissed with prejudice and without leave to amend to the extent it asserts claims against Defendants Dietrich, Duffy, Hayes, Merrihew, Quinn, Borden, Sprague, Hyde, Hadden, Essex County Public Defender's Office, and Essex County Conflict Defender's Office; and (3) recommending that Plaintiff's amended complaint be dismissed without prejudice and with leave to amend to the extent that is asserts § 1983 municipal liability claims against Defendants Town of North Elba, Village of Lake Placid, and Essex County, and negligent infliction of emotional distress claims against Defendants Town of North Elba and Essex County. *See* Dkt. No. 9 at 46. Plaintiff filed objections on June 5, 2024. *See* Dkt. No. 10.

For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation and Order is adopted in its entirety and Plaintiff's amended complaint is dismissed.

## II. DISCUSSION

### A.    Standard of Review

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Court is obligated to "make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In general, a court should not dismiss a *pro se* litigant's complaint without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (quotations and citation omitted). In addition, the court should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had the opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). An opportunity to amend, however, is not required where "the problem with plaintiff's cause of action is substantive such that better pleading will not cure it." *Townsend v. Pep Boys, Manny Moe and Jack*, No. 1:13-CV-293, 2014 WL 4826681, *2 (N.D.N.Y. Sept. 29, 2014) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)) (internal quotations marks omitted).

**B.      Plaintiff's Objections**

On July 5, 2024, Plaintiff objected to Magistrate Judge Hummel's Report-Recommendation and Order as follows:

> All individuals were liable under color of New York State law pursuant to § 1983.  All parties are liable and not protected by actions taken in a judicial capacity.  Thus, Plaintiff's claims should survive any motions to dismiss, if a summons is to be issued on Defendant's[sic].
>
> At the very least, Plaintiff should be awarded the opportunity to amend claims to add additional facts and context before dismissal without leave to amend is to be considered.  Undoubtedly, Plaintiff should be able to amend the complaint once, especially given no party would be prejudiced.

Dkt. No. 10 at 2.  Plaintiff does not object to Magistrate Judge Hummel's recitation of the allegations set forth in Plaintiff's amended complaint.  *Id.* at 1-2.  The Court finds no clear error in the factual background set forth in Magistrate Judge Hummel's Report-Recommendation and Order and will rely on it throughout this Order.  *See* Dkt. No. 9 at 6-14.

The Court will also review the remainder of the Report-Recommendation and Order for clear error because Plaintiff's objections are conclusory and general.  *See Scipio v. Keane*, No. 95-CV-2732, 1997 WL 375601, *1 (S.D.N.Y. July 7, 1997); *Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, *2 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999).

**C.      Judicial Immunity**

Magistrate Judge Hummel first recommended dismissing Plaintiff's amended complaint against Defendant Dietrich in his capacity as Town of North Elba Justice and Village of Lake Placid Alternative Justice because judicial immunity and the Eleventh Amendment bar Plaintiff's claims.  *See* Dkt. No. 9 at 15-20, 46.  Magistrate Judge Hummel concluded that Plaintiff's claims should be dismissed because although Plaintiff alleges procedural errors in criminal matters, he

4

does not allege that Defendant Dietrich "acted in the clear absence of jurisdiction, or should have known that he was acting in the clear absence of jurisdiction." *Id.* at 19 (citations omitted). The Court finds no clear error in this conclusion.

The Court agrees with Magistrate Judge Hummel's determination that Plaintiff's allegations are barred by judicial immunity because the acts that Plaintiff alleges concerning Defendant Dietrich—appointing counsel, denying motions to adjourn, and refusing to keep the docket-book open—are actions typically performed by judges. *See* Dkt. No. 9 at 17-19; *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (concluding that judges have absolute immunity for actions taken in their judicial capacity); *Ceparano v. Southampton Just. Ct.*, 404 Fed. Appx. 537, 539 (2d Cir. 2011) (determining that judicial capacity includes the "nature of the act [complained of] itself, *i.e.*, whether it is a function normally performed by a judge, and [on] the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity") (quotation and quotation marks omitted).

Likewise, the Court agrees with Magistrate Judge Hummel's conclusion that Plaintiff's claims are barred by the Eleventh Amendment because there are no facts to suggest that Defendant Dietrich waived his Eleventh Amendment immunity. *See generally* Dkt. No. 4; *see also Va. Off. for Prot. and Advoc. v. Stewart*, 536 U.S. 247, 253-54 (2011) ("Absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State."); *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) ("The immunity recognized by the Eleventh Amendment extends beyond the states themselves to 'state agents and state instrumentalities'") (quotation omitted).

**D.     Quasi-Judicial Immunity**

Magistrate Judge Hummel recommended dismissing the claims against Defendants Duffy, Hayes, and Merrihew in their capacities as court clerks, and Quinn as the Commissioner of Jurors because the claims are barred by quasi-judicial immunity.  *See* Dkt. No. 9 at 20-27, 46. Magistrate Judge Hummel determined that Plaintiff's claims "trigger[] quasi-judicial immunity because he is complaining of Duffy's, Hayes', and Merrihew's actions that were performed in their [official] capacities."  Dkt. No. 9 at 22 (citing *Kellier v. Ross*, No. 22-CV-2506, 2022 WL 1292290, *4 (S.D.N.Y. Apr. 29, 2022)).  Magistrate Judge Hummel concluded that Plaintiff "does not allege that Quinn's actions were taken outside of the scope of the functions associated with his position as Commissioner of Jurors," and Plaintiff "does not claim that [Defendant] Quinn acted 'in the clear absence of all jurisdiction.'"  *Id.* at 26 (citing, *inter alia*, *Zambas v. Egitto*, No. 21-CV-10157, 2022 WL 37088, *2 (S.D.N.Y. Jan. 3, 2022); *Carrea v. California*, No. 1:10-CV-01004, 2010 WL 4687973, *7 (E.D. Cal. Nov. 10, 2010)).[1]

The Court finds no clear error in Magistrate Judge Hummel's conclusion that quasi-judicial immunity applies to Defendants Duffy, Hayes, Merrihew, and Quinn because judicial immunity has been extended "to court clerks and 'others who perform functions closely associated with the judicial process' when they are performing discretionary acts of a judicial nature which are essential to the judicial process[.]"  *Albritton v. Sullivan*, No. 1:22-CV-00900, 2023 WL

---

[1] The Report-Recommendation and Order alternatively recommended dismissal of the claims against Hayes and Duffy for "an 'unjust Order[] of Protection'" because Plaintiff brought a similar claim in a prior action in this court.  Dkt. No. 9 at 23.  Magistrate Judge Hummel determined that the present retaliation claim is not supported by sufficient factual allegations to state a claim and is "duplicative and malicious" of the prior claim.  *Id.* at 23-24 (citing *Bailey v. Johnson*, 846 F.2d 1010, 1021 (5th Cir. 1988)).  The Court finds no error in Magistrate Judge Hummel's analysis. *See Bester v. Taylor*, No. 9:18-CV-707, 2018 WL 3068057, *2 (N.D.N.Y. June 21, 2018) (concluding that a suit may be "duplicative of another suit if the parties, issues and available relief do not differ significantly between the two actions"); Dkt. No. 9 at 23.

3612840, *1 (N.D.N.Y. May 24, 2023) (quoting *Almonte v. Geraci*, No. 21-CV-6960, 2021 WL 4776268, *3 (S.D.N.Y. Oct. 8, 2021), *appeal dismissed*, No. 21-2813 (2d Cir. May 18, 2022)).

To be sure, a court clerk does not have immunity "where the clerk's refusal to accept the papers of a litigant seeking to commence an action results in the deprivation of the individual's constitutional rights." *Coon v. Merola*, No. 1:19-CV-394, 2019 WL 1981416, *3 (N.D.N.Y. Apr. 8, 2019) (citing *Glass v. New York Sup. Ct. App. Div.*, No. 1:17-CV-226, 2017 WL 9487181, *3 (N.D.N.Y. Apr. 26, 2017)) (citation omitted).  However, courts have routinely found that court clerks are entitled to quasi-judicial immunity where such deprivations have not been alleged. *See Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, *7 (E.D.N.Y. Sept. 21, 2012) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997 ("[C]lerks were entitled to quasi-judicial immunity for, *inter alia*, refusing an inmate's request for records on appeal"); *Pukulin v. Gonzalez*, No. 07-CV-0412, 2007 WL 1063353, *2 (E.D.N.Y. Apr. 5, 2007) (holding that immunity extends to "the Clerk's Office['s] activities of filling and docketing legal documents")).

The Court also agrees that the claims against Defendant Quinn should be dismissed.  As Magistrate Judge Hummel thoroughly explained, quasi-judicial immunity has been extended to parties that are involved with jury selection. *See* Dkt. No. 9 at 24-27; *see also McCaw v. Winter*, 745 F.2d 533, 534 (8th Cir. 1984) ("The clerk of the court, in selecting and excusing the prospective jurors for appellant's first trial, was acting pursuant to the judge's directions and, under these narrow circumstances, is therefore absolutely immune"); *Humphrey v. Internal Revenue Serv.*, No. 22-1052, 2022 WL 17728194, *2 (2d Cir. Dec. 16, 2022) ("Likewise, clerks of court are entitled to absolute immunity 'for performance of tasks which are judicial in nature and an integral part of the judicial process") (citation omitted); *but see Atherton v. Dist. of Columbia Off. of the Mayo*r, 567 F.3d 672, 684 (D.C. Cir. 2009) (concluding that a juror officer

does not have quasi-judicial immunity because "[t]he juror officer is primarily responsible for administrative tasks, such as determining the number of jurors needed . . . each day, managing the computer systems and equipment for the Juror's Office, and overseeing juror orientation and the administration of the oath for jurors").  As jury selection is a fundamental part of the judicial process, the Court finds no clear error in Magistrate Judge Hummel's determination that quasi-judicial immunity extends to Defendant Quinn in his role as the Commissioner of Jurors.

E.     **Prosecutorial Immunity**

Magistrate Judge Hummel recommended dismissing the claims against Defendants Sprague and Borden as District Attorney and Assistant District Attorney, respectively, because of prosecutorial immunity.  *See* Dkt. No. 9 at 27-30, 46.  Magistrate Judge Hummel concluded that Defendants Borden and Sprague are immune from suit because Plaintiff's claims "'relate to non-investigative actions' taken in their capacities as prosecutors."  Dkt. No. 9 at 29 (quoting *Linder v. Oneida Cnty. Dist. Att'y Off.*, No. 6:23-CV-01061, 2023 WL 6810098, *4 (N.D.N.Y. Oct. 16, 2023)) (citation omitted).  Magistrate Judge Hummel also noted that Eleventh Amendment immunity bars suit against Defendants Borden and Sprague in their official capacities.  *See* Dkt. No. 9 at 30 (citing *McKeon v. Daley*, 101 F. Supp. 2d 79, 86 (N.D.N.Y. 2000), *aff'd*, 8 Fed. Appx. 138 (2d Cir. 2001)).

The Court agrees with Magistrate Judge Hummel that the claims against Defendants Borden and Sprague are barred by prosecutorial immunity because immunity extends to "prosecutors performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process.'"  *Ying Jing Gan v. City of New York*, 996 F.2d 522, 530 (2d Cir. 1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).  Plaintiff alleges that Defendants Borden and Sprague "made the choice to allow Plaintiff's right to a speedy trial be impeded."

Dkt. No. 4 at 12.  However, this claim of violating Plaintiff's Sixth Amendment right arises from

Defendants Borden and Sprague "performing [their] prosecutorial activities," thus making

Defendants Borden and Sprague immune from suit.  *Ying Jing Gan*, 996 F.2d at 530 (quoting

*Imbler*, 424 U.S. at 430); *Ramsey v. Smith*, No. 1:19-CV-54, 2020 WL 4053728, *3 (S.D. Miss.

July 20, 2020) ("A plaintiff's allegations that a prosecutor violated speedy trial rights, withheld

exculpatory evidence, charged a defendant without probable cause, and engaged in prosecutorial

misconduct have all been found to be actions that fall within the scope of prosecutorial

immunity") (citations omitted); *Gadreault v. Bent*, No. 2:20-CV-83, 2022 WL 943669, *6 (D. Vt.

Mar. 3, 2022) ("Gadreault's claims against State's Attorneys Barrett and Danielson remain barred

by the doctrine of prosecutorial immunity . . .  Any actions that they allegedly undertook in

connection with his prosecution—including their alleged delay of that trial —fall within the ambit

of their prosecutorial duties") (citations omitted).

F.      **Section 1983 Claims**

        *1. State Action*

        Magistrate Judge Hummel recommended dismissing Plaintiff's § 1983 claims against

Defendants Hyde and Hadden as public and conflict defenders, the Essex County Public

Defender's Office, and the Essex County Conflict Defender's Office.  *See* Dkt. No. 9 at 33, 36, 46.

Magistrate Judge Hummel concluded that Defendants Hyde and Hadden as "court-appointed

attorneys . . . do not act 'under the color of state law,'" and Plaintiff does not allege facts "that

[Defendants] Hyde or Hadden acted 'using the coercive power of the state or is controlled by the

state.'"  *Id.* at 33, 35 (quoting, *inter alia*, *Rodriguez*, 116 F.3d at 65-66; *Rogers v. City of New

Rochelle*, No. 1:19-CV-0479, 2019 WL 5538031, *2 (S.D.N.Y. Oct. 25, 2019)).  Magistrate

Judge Hummel also noted that Plaintiff did not allege facts against the Essex County Public

Defender's Office and Essex County Conflict Defender's Office in the body of his amended complaint. *See id.* at 35. In any event, he explained that the offices are "not considered 'persons' under 42 U.S.C. § 1983." *Id.* at 36 (citing *Owens v. Connecticut*, No. 3:24-CV-79, 2024 WL 1576779, *3 (D. Conn. Apr. 11, 2024)).

The Court finds no clear error in Magistrate Judge Hummel's conclusions because courts routinely dismiss claims against public defenders and public defenders' offices because they are not state actors or persons under § 1983. *See Tapp v. Champagne*, 164 Fed. Appx. 106, 108 (2d Cir. 2006) ("A 'public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'")(quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)); *Shorter v. Rice*, No. 12-CV-0111, 2012 WL 1340088, *4 (E.D.N.Y. Apr. 10, 2012) ("[I]t is axiomatic that neither public defenders, such as Legal Aid Attorneys, nor court-appointed counsel, nor private attorneys, act under the color of state law merely by virtue of their position"); *Franklin v. Chenango Cnty. Pub. Defender's Off.*, No. 3:18-CV-0865, 2018 WL 4288620, *4 (N.D.N.Y. Sept. 7, 2018) ("The Office of the Chenango County Public Defender, as distinct from the Public Defender as an individual, is not a person amenable to suit under section 1983") (citation omitted).

### 2. Municipal Liability

Magistrate Judge Hummel recommended dismissing the claims against Defendants Town of North Elba, Village of Lake Placid, and Essex County because Plaintiff "failed to state a municipal liability claim." Dkt. No. 9 at 40, 46. Magistrate Judge Hummel concluded that Plaintiff did not identify "an underlying constitutional violation sufficient to support a municipal liability claim" because "[P]laintiff has failed to state a claim that a person, who is not entitled to absolute immunity, acted under the color of state law when they deprived him of a constitutional

10

right." *Id.* at 38 (citing, *inter alia*, *Dees v. Zurlo*, No. 1:24-CV-0001, 2024 WL 1053237, *14 (N.D.N.Y. Mar. 11, 2024); *Mugabo v. Wagner*, No. 22-CV-930-A, 2024 WL 1621534, *4 (W.D.N.Y. Apr. 15, 2024)).  Magistrate Judge Hummel also determined that Plaintiff did not "identify . . . the existence of a municipal policy or custom" used by Defendants and did not explain how Defendants "failed to properly hire, supervise, and train subordinates in connection with his claims." *Id.* at 39 (citing *Boyde v. New York*, No. 5:16-CV-555, 2016 WL 3573133, *4 (N.D.N.Y. May 19, 2016); *Dougal v. Lewicki*, No. 1:23-CV-1167, 2023 WL 6430586, *10 (N.D.N.Y. Oct. 3, 2023)).  The Court finds no clear error in these determinations.

To hold a municipality liable, a plaintiff "must show the following: '(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury.'" *Maddox v. City of Syracuse*, No. 5:14-CV-1068, 2017 WL 680439, *3 (N.D.N.Y. Feb. 21, 2017) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir 2008)) (additional citation omitted). However, absent an independent constitutional violation, a municipality cannot be held liable under § 1983.  *See Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978) ("A local government may not be sued under § 1983 . . . [unless] official policy [is] . . . the moving force of the constitutional violation"); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("Thus, our first inquiry in any case alleging municipal liability under §1983 is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").  In the present case, Plaintiff fails to allege an underlying constitutional violation because he does not explain how Defendants Town of North Elba, Village of Lake Placid, and Essex County independently violated his constitutional rights. *See generally*

Dkt. No. 4.  Thus, the Court agrees with Magistrate Judge Hummel that the municipal liability claims should be dismissed.

**G.     State Law Claims**

Magistrate Judge Hummel next recommended dismissing Plaintiff's claims of negligent infliction of emotional distress against Defendants Dietrich, Hayes, Merrihew, Town of North Elba, and Essex County.  *See* Dkt. No. 9 at 40, 44, 46.  Magistrate Judge Hummel determined that the Court "may choose to exercise supplemental jurisdiction over [Plaintiff's] . . . state law [negligent infliction of emotional distress] claims" if he was to successfully amend his complaint because "Plaintiff's [negligent infliction of emotional distress] claims derive from the same operative facts as the federal claims he seeks to bring." *Id.* at 41.  However, Magistrate Judge Hummel concluded that Defendants Dietrich, Hayes, or Merrihew are absolutely immune from suit, and Plaintiff did not allege facts indicating that they put Plaintiff in "any physical danger," or owed Plaintiff "any special duty." *Id.* at 42 (citing, *inter alia*, *Nova v. Smith*, No. 9:19-CV-0072, 2019 WL 2636817, *3 (N.D.N.Y. June 27, 2019); *Burroughs v. Mitchell*, 325 F. Supp. 3d 249, 285 (N.D.N.Y. 2018)).  Magistrate Judge Hummel also determined that Plaintiff did not allege "a special duty or relationship between himself or the Town of North Elba or Essex County." *Id.* at 43 (citing *Karcz v. City of N. Tonawanda*, No. 20-CV-9V, 2023 WL 2654210, *4 (W.D.N.Y. Feb. 24, 2023)).

"Federal courts may exercise supplemental jurisdiction over 'claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.'" *Zhang v. Ichiban Grp., LLC*, No. 1:17-CV-148, 2023 WL 6122847, *10 (N.D.N.Y. Sept. 19, 2023) (quoting 28 U.S.C. § 1367).  As such, the Court agrees with Magistrate Judge Hummel that if Plaintiff "successfully amend[s] his complaint," then the Court may choose to

exercise supplemental jurisdiction over the negligent infliction of emotional distress claims.  Dkt. No. 9 at 41.

However, Magistrate Judge Hummel is also correct that Plaintiff did not sufficiently plead negligent infliction of emotional distress claims because Plaintiff did not sufficiently allege a duty owed by Defendants and a danger created by Defendants.  *See* Dkt. No. 9 at 42; *see also Kinowski v. Home for Elderly Women of Montgomery Cnty., Inc.*, No. 1:22-CV-1342, 2023 WL 4865531, *13 (N.D.N.Y. July 31, 2023) (requiring a plaintiff to "'plead that the breach endangered his physical safety or caused him to fear for his physical safety'") (quoting *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 81 (2d Cir. 2021)); *Leonel Cruz v. United Auto. Workers Union Loc. 2300*, No. 3:18-CV-0048, 2019 WL 3239843, *22 (N.D.N.Y. July 18, 2019) (mandating that duty owed "'must [also] be specific to the plaintiff' and 'is far more specific than the more generalized duty to avoid negligently injuring another'") (quotation omitted).  As such, the Court agrees that the negligent infliction of emotional distress claims must be dismissed.

**H.    Opportunity to Amend**

Finally, Magistrate Judge Hummel recommended dismissing the claims against Defendants Dietrich, Duffy, Hayes, Merrihew, Quinn, Borden, and Sprague without leave to amend because those Defendants are "absolutely immune from suit."  Dkt. No. 9 at 44. Magistrate Judge Hummel also recommended dismissal without leave to amend for all claims against Defendants Hyde, Hadden, Essex County Public Defender's Office, and Essex County Conflict Defender's Office because they "are not considered to be persons acting under the color of state law."  *Id.* at 44.  However, Magistrate Judge Hummel recommended dismissing claims against Defendants Town of North Elba, Village of Lake Placid, and Essex County with leave to

13

amend. *Id.* The Court finds no clear error with this portion of Magistrate Judge Hummel's Report-Recommendation and Order.

In Plaintiff's objections, he specifically asks the Court to allow him leave to amend his amended complaint. *See* Dkt. No. 10 at 2. It is true that "[w]hen a *pro se* complaint fails to state a cause of action, the court generally 'should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Robinson v. Hallett*, No. 5:19-CV-406, 2020 WL 1227142, *4 (N.D.N.Y. Mar. 13, 2020) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). However, courts routinely deny an opportunity to amend where a claim is barred on immunity grounds because amendment would be futile. *See Kelly v. N.Y. State Unified Ct. Sys.*, No. 21-1633, 2022 WL 1210665, *3 (N.D.N.Y. Apr. 25, 2022) ("Kelly's complaint is deficient because state sovereign immunity bars his claims . . . [t]herefore, because Kelly cannot cure his pleading deficiencies and amendment would be futile, the district court did not err in denying leave to amend"); *Humphrey v. Ct. Clerk ex rel. U.S. Sup. Ct.*, No. 5:11-CV-938, 2011 WL 7112904, *4 (N.D.N.Y. Aug. 12, 2011) ("Because the defendant would be entitled to absolute immunity, this court recommends dismissal with prejudice of plaintiff's action"). Similarly, where an entity is not a person acting under the color of law, a § 1983 claim cannot be stated. *Guillory v. Bishop Nursing Home*, No. 5:21-CV-410, 2021 WL 2431259, *3 (N.D.N.Y. June 15, 2021) ("Because Plaintiff failed to plausibly allege that the named Defendants acted under color of state law, Magistrate Judge Baxter correctly determined that the complaint fails to state any claims for relief under Section 1983. . . . Moreover, Magistrate Judge Baxter correctly determined that leave to re-plead should be denied"); *contra Beck v. N.Y. State Elec. and Gas Corp.*, No. 3:18-CV-1131, 2018 WL 5892708, *4 (N.D.N.Y. Oct. 11, 2018) ("In this case, though extremely skeptical, the court cannot say with

complete certainly[sic] that, if permitted to amend, plaintiff would be unable to establish the requisite state action sufficient to demonstrate a cognizable section 1983 claims[sic]. Accordingly, I recommend that leave to amend be granted").

As such, the Court agrees with Magistrate Judge Hummel that the claims against Defendants Dietrich, Duffy, Hayes, Merrihew, Quinn, Borden, Sprague, Hyde, Hadden, Essex County Public Defender's Office, and Essex County Conflict Defender's Office should be dismissed with prejudice and without leave to amend.  *See* Dkt. No. 9 at 44.  The Court also agrees that Plaintiff should have an opportunity to amend the claims against Defendants Town of North Elba, Village of Lake Placid, and Essex County because it is possible that Plaintiff could cure deficiencies in his pleading.  Dkt. No. 9 at 44.

If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act.  The revised pleading should allege facts demonstrating the personal involvement of any named Defendant.  *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).  Finally, Plaintiff is informed that any amended complaint will replace the existing complaint and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court.  *See Jeanty v. Sciortino*, 669 F. Supp. 3d 96, 118-19 (N.D.N.Y. 2023).

### III. CONCLUSION

After carefully considering the Report-Recommendation and Order, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Hummel's Report-Recommendation and Order (Dkt. No. 9) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 4) is **DISMISSED without prejudice and with leave to amend** against Defendants Town of North Elba, Village of Lake Placid, and Essex County; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Dietrich, Duffy, Hayes, Merrihew, Quinn, Borden, Sprague, Hyde, Hadden, Essex County Public Defender's Office, and Essex County Conflict Defender's Office are **DISMISSED with prejudice and without leave to amend**; and the Court further

**ORDERS** that Plaintiff shall file his amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgement against Plaintiff and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated:  October 8, 2024
       Albany, New York

Mae A. D'Agostino
U.S. District Judge

16